UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Nathaniel Travon Martin,

    Plaintiff

v.

Joe Lombardo, et al.,

    Defendants

2:17-cv-00806-JAD-CWH

**Order**

[ECF No. 1]

Pro se plaintiff Nathaniel Travon Martin, a former detainee at the Clark County Detention Center, brings this civil rights complaint under 42 U.S.C. § 1983.[1] Magistrate Judge Hoffman issued an order on June 20, 2017, directing Martin to file his updated address with this court on or before July 14, 2017.[2] The deadline has now expired and Martin has not filed his updated address or otherwise responded to that order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an

---

[1] ECF No. 1.

[2] ECF No. 3.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, I must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal. The third factor—risk of prejudice to defendants—also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[7] Magistrate Judge Hoffman's order requiring Martin to file his updated address with the court on or before Friday, July 14, 2017, expressly stated: "IT IS FURTHER ORDERED that if plaintiff fails to timely comply with this order, the court will recommend dismissal of this case without prejudice."[8] Thus, Martin had adequate warning that dismissal would result from his noncompliance with the order to file his updated address on or before Friday, July 14, 2017.

///

///

///

---

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 3 at 2.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that this action is **DISMISSED without prejudice** due to Martin's failure to comply with Judge Hoffman's June 20, 2017, order. The Clerk of Court is directed to deny all motions as moot and **CLOSE THIS CASE**.

DATED July 19, 2017.

_____
Jennifer A. Dorsey
United States District Judge